UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY CO.,
GEICO GENERAL INSURANCE COMPANY,
GEICO CASUALTY CO.,

            Plaintiffs,

- against -
                                   **MEMORANDUM & ORDER**
                                   1:10-cv-5869-ENV-MDG

M.D. SANDER KOYFMAN, KKM MEDICAL
DIAGNOSTIC, P.C., JLD SERVICES INC.,
DANIEL LIPIS, JOHN DOE ONE THROUGH
JOHN DOE FIVE,

            Defendants.

----------------------------------------------------------------X

VITALIANO, D.J.

On December 17, 2010, plaintiffs filed a complaint seeking approximately $39,000 in damages for past payment of allegedly fraudulent claims to KKM Medical Diagnostic, P.C. and a declaration that they are not legally obligated to pay KKM approximately $600,000 for pending claims.

On January 20, 2011, plaintiffs requested that the Court issue an order to show cause why all pending administrative actions and all future administrative and state actions brought by defendants seeking payment for services performed by KKM should not be preliminarily enjoined. Plaintiffs also requested that the Court issue a temporary restraining order preventing defendants from pursuing all such actions pending resolution of the motion for a preliminary injunction. On January 25, the Court issued the order to show cause and scheduled a hearing on

the preliminary-injunction motion for February 15, but declined to issue the temporary restraining order.

On January 26, plaintiffs requested that the Court reconsider issuing the temporary restraining order, in light of the fact that (i) they had executed a stipulation with Sander Koyfman, under which, on plaintiffs' view, Koyfman agreed to the relief sought in plaintiffs' proposed order to show cause without admitting any liability; (ii) JLD Services Inc. and Daniel Lipis had communicated to plaintiffs' counsel that they took no position on the temporary restraining order and would not contest it; and (iii) KKM had not filed an answer or otherwise responded to the complaint. Plaintiffs also requested that the hearing scheduled for February 15 be rescheduled for the earliest possible date.

On February 1, before the Court ruled on the motion for reconsideration, plaintiffs notified the Court that KKM had retained counsel and that the two parties had executed a stipulation, under which plaintiffs agreed to vacate the default entered against KKM and extend its time to answer the complaint until February 22, 2011, and KKM agreed to the entry of a preliminary injunction in the form initially requested in plaintiffs' proposed order to show cause. Plaintiffs also requested that the Court enter the proposed preliminary injunction against Koyfman, JLD, and Lipis as well, since, on plaintiffs' view, these defendants either had consented to the injunction or agreed to take no position on it.

On February 2, however, Koyfman filed a letter with the Court opposing the injunction. In his view, under the terms of the stipulation he entered, plaintiffs withdrew their motion for an injunction against him and he, in turn, voluntarily agreed not to pursue the actions plaintiffs

sought to enjoin, reserving his right to argue that he has "no authority, interest or involvement in the acts sought to be enjoined." Accordingly, he requested that the Court decline to enter a preliminary injunction as to him and instead simply endorse the submitted stipulation.

In response to the parties' motions and letters, the Court will endorse the stipulations between plaintiffs and Koyfman and plaintiffs and KKM. The Court grants the motion for reconsideration to that extent. The balance of the motion is denied, since, on the papers submitted and without opportunity for a hearing, the Court sees no basis to reconsider its decision denying a temporary restraining order as to remaining defendants. Moreover, in light of the stipulation extending KKM's time to answer the complaint until February 22, the Court will entertain any requests to postpone the hearing currently scheduled for February 15, provided the parties confer and either jointly request an adjourned date or advise of the nature of any opposition to the request.

**SO ORDERED.**

Dated: Brooklyn, New York
February 7, 2011

s/ENV

ERIC N. VITALIANO
United States District Judge